(A.R.D. 225)

CHAS. KURZ CO. v. UNITED STATES

Entry No. 9754.

Second Division, Appellate Term

(Decided June 27, 1967)

*Allerton deC. Tompkins* for the appellant.
*Carl Eardley*, Acting Assistant Attorney General (*Arthur H. Steinberg*, trial attorney), for the appellee.

Before RAO, FORD, and BECKWORTH, Judges

PER CURIAM: This is an application for review of a decision and judgment of the trial court dismissing the appeal for reappraisement for lack of prosecution.

The merchandise involved herein consists of Volkswagen automobiles imported from Ireland in October 1960. The entry describes them as "new", but the notice of increase in duties from the appraiser states that they were appraised at $1,256.50 each, net, packed, as used, in view of information received from the importer. Timely appeal for reappraisement was filed on August 17, 1961. The case appeared on the calendar a number of times, was suspended under *Fergus Imported*

*Cars, Inc.* v. *United States*, 52 Cust. Ct. 437, Reap. Dec. 10675 (R61/12272), and, after that decision was rendered, appeared again on the calendar several times.

When the case was called at Philadelphia on November 16, 1965, counsel for the plaintiff requested "that the case go over to New York so I can suspend it or that it be continued. It will be suspensible." It is the ordinary practice of this court to allow suspensions under test cases in order to facilitate disposition of numerous cases involving the same issues of law and fact. (Rule 16, Rules of the United States Customs Court). At the time this appeal was called, counsel for the plaintiff had reason to believe that a test case involving the same issues was being tried in New York and that his case would be suspensible thereunder. Counsel for the Government said he could not consent to suspension but that he had no basis for objecting if the case were really suspensible. At that point, the trial judge was disposed to transfer the case to New York. The Government, however, strenuously objected. It objected equally forcefully when plaintiff would have commenced trial—because of lack of notice. Thereupon, the trial court granted the motion to dismiss for lack of prosecution and subsequently entered judgment of dismissal. A motion for a rehearing and for suspension under R64/972 was denied on May 10, 1966. The case under which suspension was requested, *F. & D. Trading Corporation* v. *United States*, has in fact been tried and is pending before the court for decision.

The question before us is whether dismissal of the case was warranted. In our view, a dismissal for *lack of prosecution* was not, since plaintiff was willing to prosecute the case and was not permitted to do so on the ground of lack of notice. While a case not noticed for trial will not ordinarily be heard without the consent of the parties, the court may permit a hearing when it is deemed that the ends of justice so require. (Rule 3(t), Rules of the United States Customs Court.) The defendant would not have been prejudiced by the commencement of the trial in Philadelphia since, if it had later developed that the case was not suspensible and was not being prosecuted diligently, the motion to dismiss could have been renewed. On the other hand, the refusal of the court to permit suspension, continuance, transfer, or commencement of trial completely blocked the plaintiff from taking any action in the furtherance of its case. Under the circumstances, the dismissal of the case constituted reversible error in our opinion. Cf. *United States* v. *Jaehne*, 8 Ct. Cust. Appls. 307, T.D. 37585.

The decision and judgment dismissing the appeal for reappraisement herein is reversed, and the case remanded to the trial court for restoration to the calendar for prompt trial or for suspension, if satisfactory proof is presented that the test case involves the same issues of law and fact. Judgment will be entered accordingly.